IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTONIO LACY #594575 | § | |
| v. | § | CIVIL ACTION NO. 6:06cv60 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Antonio Lacy, proceeding *pro se*, filed this civil action complaining of alleged violations of his rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lacy filed his case as a habeas corpus petition, but the Magistrate Judge concluded that the petition did not challenge the validity or length of his confinement, and so it is properly construed as a Section 1983 lawsuit. Pierre v. U.S., 525 F.2d 933, 936 (5th Cir. 1976); Cook v. Hanberry, 596 F.2d 658, 660 and n.1 (5th Cir. 1979).

Lacy complained that a $500.00 hold had been placed on his account without due process. He said that money was deducted from his account "in the guise of an internal disciplinary sanction" and transferred to "an unknown place," without a determination of civil or criminal responsibility.

After review of the complaint, the Magistrate Judge issued a Report on February 21m 2006, recommending that the lawsuit be dismissed. The Magistrate Judge observed that Lacy was well known to the Court, having filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief could be granted. Lacy v. Velasquez, et al., slip op. No. 02-40658 (5th Cir., December 12, 2002) (stating that Lacy has three strikes). Under 28 U.S.C. §1915(g), prisoners with three strikes cannot proceed under the *in forma pauperis* statute unless the

prisoner is under imminent danger of serious physical injury.  The Magistrate Judge discussed the history and purpose of Section 1915(g) and concluded that because Lacy did not pay the filing fee or show that he is in imminent danger of serious physical injury, his lawsuit should be dismissed.

Lacy filed objections to the Magistrate Judge's Report on February 27, 2006.  In his objections, Lacy says first that courts have held that cases mistakenly filed as habeas corpus petitions should not automatically be construed as civil rights cases because of the danger that the plaintiff could end up with a strike.  In this case, however, Lacy's case is plainly a civil rights action rather than a habeas corpus petition because it does not implicate either the fact or the legality of his detention.  Furthermore, Lacy has already accumulated three strikes, so the statute already applies to him; the construing of his lawsuit as a Section 1983 action thus poses no risk that it will bring him under Section 1915(g) because he already is.

Next, Lacy says that the Section 1915(g) bar has been "wrongly applied to him in the past." However, the Fifth Circuit has held that he has three strikes, and Lacy has failed to show how this bar has been "wrongly" applied to him.  He says that the bar is not jurisdictional and so the Court may, if it chooses, allow a case to proceed *in forma pauperis*; however, the case he cites in support of this theory, Garcia v. Silert, 141 F.3d 1415 (10th Cir. 1998), says that Section 1915(g) does not apply to cases pending before the statute was enacted.  In a footnote, the Tenth Circuit does say that the section is not jurisdictional and so elected to reach the merits of the case; however, that court noted that the appellant was not excused from paying the fee and directed the clerk to enter an order requiring him to remit the entire balance.

The Fifth Circuit has stated that 28 U.S.C. §1915 deals with the administration of fees, not the jurisdiction of the Court.  Davidson v. Buchanan, 137 Fed.Appx. 659 (5th Cir., June 16, 2005) (not selected for publication in the Federal Reporter), *citing* Jackson v. Stinnett, 102 F.3d 132, 136 (5th Cir. 1996).  In this particular case, the statute says that Lacy cannot proceed unless he either pays the full filing fee or shows that he is in imminent danger of serious bodily injury.  The fact that

the statute does not affect the jurisdiction of the Court is of no moment; Lacy has failed to meet the prerequisites of the statute and so his lawsuit should be dismissed.

Finally, Lacy cites an article entitled "Three Strikes and You're Out of Court," 70 Temple L. Rev. 471 (1997), which argues that Section 1915(g) violates the due process and equal protection guarantees of the Constitution. These arguments have been rejected by the Fifth Circuit. Carson v. Johnson, 112 F.3d 818, 821-22 (5th Cir. 1997). Lacy's objections are without merit.

The Court has conducted a careful *de novo* review of the record in this case, including the Plaintiff's pleadings, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's application to proceed *in forma pauperis* is hereby DENIED and that the above-styled lawsuit be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice as to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $250.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of dismissal, he shall be allowed to proceed in this lawsuit as though the full filing fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

**SIGNED this 9th day of March, 2006.**

3

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE